DANIEL G. BOGDEN
United States Attorney
CRISTINA D. SILVA
Assistant United States Attorney
333 Las Vegas Blvd. South, Suite 5000
Las Vegas, Nevada 89101
PHONE: (702) 388-6336
FAX:  (702) 388-6418

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
### -oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>KEVIN SALISBURY,<br><br>        Defendant. | 2:12-cr-0010-GMN-CWH<br><br>Proposed Order Regarding Defendant's Motion for Psychiatric Evaluation (Dkt. #16) |

On July 10, 2013, counsel for Defendant Kevin Salisbury, filed motions for psychiatric evaluations and competency determinations in both of his cases, identified as *United States v. Kevin Salisbury*, 2:13-cr-0062-JCM-PAL, and *United States v. Kevin Salisbury*, 2:12-cr-0010-GMN-CWH. *See* Dkt. #16 and Dkt. #51, respectively.  Magistrate Judge Peggy A. Leen conducted a hearing on defendant's motion for psychiatric evaluation in case number 2:13-cr-0062-JCM-PAL (Dkt. #16) on Tuesday, July 23, 2013.  After conducting the hearing, and with agreement by both counsel for the Government and counsel for the Defendant, Defendant's motion was granted.  All parties agreed that evaluations were appropriate.

As a result, the parties were ordered to submit proposed orders for the Court to have the defendant evaluated through the Bureau of Prisons.  *See* 13-cr-0062, Dkt. #19.  Based on the findings of Magistrate Judge Peggy A. Leen, and because the defendant has two separate cases, the

1

parties hereby respectfully submit the following proposed order to allow the defendant in the above-captioned matter to be evaluated for both competency and sanity in both of his cases.

DATED this 25th day of July, 2013.

Respectfully submitted,

DANIEL G. BOGDEN
United States Attorney

_____//s//_____
CRISTINA D. SILVA
Assistant United States Attorney

_____//s//_____
MICHAEL MICELI, ESQ.
Counsel for Defendant Salisbury

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
## -oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KEVIN SALISBURY,<br><br>Defendant. | 2:12-cr-0010-GMN-CWH<br><br>PROPOSED ORDER |

Based upon the pending Motion from by the defense, and no objection by the Government to said Motion, and good cause appearing thereof,

IT IS HEREBY ORDERED that in accordance with Title 18, United States Code, Sections 4241, 4242, 4247, and Rule 12.2(c) of the Federal Rules of Criminal Procedure, the United States Marshal Service shall forthwith transport KEVIN SALISBURY, defendant herein, to a suitable BOP facility that conducts psychological evaluations closest to the Court, for psychiatric or psychological evaluation to determine:

(1)   whether defendant KEVIN SALISBURY may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceeding against him or to assist properly in his defense; and

(2)   whether defendant KEVIN SALISBURY suffered from a mental disease or defect rendering him mentally incompetent at the time of the commission of the offense charged.

IT IS FURTHER ORDERED that defendant KEVIN SALISBURY shall be held in said facility for a reasonable period of time, not to exceed 45 days, unless extended by further order of the Court upon showing good cause by the Director of the said facility or pursuant to other appropriate motion for a period of up to 30 additional days.  18 U.S.C. § 4247(b).

IT IS FURTHER ORDERED that the examination conducted pursuant to this Order be conducted by one or more licensed or certified psychiatrists or clinical psychologists. 18 U.S.C. § 4247(b).

IT IS FURTHER ORDERED that within 45 days from the date of entry of this Order, or such additional period as may be ordered by the Court, the Director of the said facility at which the examination has been conducted shall prepare, or cause to be prepared, a psychiatric or psychological report to the Clerk of the United States District Court for the District of Nevada, to Cristina D. Silva, Assistant United States Attorney, and to Michael Miceli, Esq., counsel for defendant.

IT IS FURTHER ORDERED that the said report prepared pursuant to this Order shall include:

(1) Defendant's history and present symptoms;

(2) A description of the psychiatric, psychological or medical tests that were employed and their findings;

(3) The examiner's findings;

(4) The examiner's opinions as to diagnosis, prognosis, and whether the defendant is competent to stand trial, the test of which is whether he may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense; and

(5) The examiner's opinions as to diagnosis and whether the defendant was insane at the time of the offense charged, the test is whether, at the time of the commission of the acts constituting the offense, the defendant, as a result of severe mental disease or defect, was unable to appreciate the nature and quality of the wrongfulness of his acts. 18 U.S.C. §§ 17(a), 4241(a) and 4247(c).

The Court finds that the period of time required by the above-described psychiatric or

psychological examination of defendant, and the Court's determination of defendant's competency to stand trial and his sanity at the time of the offense charged is excludable time under the United States Constitution, the Speedy Trial Act, Title 18, United States Code, Section 3161(h)(1)(A), and Rule 5.1 of the Federal Rules of Criminal Procedure.

Dated this 29th day of July, 2013.

_____
HON. CARL W. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

3