JASON M. FRIERSON
United States Attorney
Nevada Bar No. 7709
DANIEL R. SCHIESS
Assistant United States Attorney
Nevada Bar No. 5483
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Telephone: (702) 388-6336
dan.schiess@usdoj.gov

*Attorney for the United States*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case Nos: 2:12-cr-0010-JAD-CWH |
| Plaintiff | 2:13-cr-0062-JCM-PAL |
| vs. | **ORDER FOR PRE-HEARING PSYCHIATRIC OR PSYCHOLOGICAL EVALUATION** |
| KEVIN A. SALISBURY, | |
| Defendant | |

Petitions for violations of conditions of supervised release have been submitted to the Court in two cases against defendant Kevin A. Salisbury: *United States v. Kevin Salisbury*, 2:12-cr-0010-JAD-CWH, and *United States v. Kevin Salisbury*, 2:13-cr-0062-JCM-PAL. A hearing was held on August 2, 2023, to address the petitions in both cases. At the outset of the hearing, government counsel moved orally under 18 U.S.C. § 4241 for an order for a Pre-hearing Psychiatric or Psychological Examination in both cases. The Court heard arguments from counsel for both parties and received defense counsel's agreement that the motion should be granted based on a recent, marked decline in the defendant's demeanor and apparent mental state that has left him unable to assist counsel in his own defense.

Based upon the representations of counsel for the government and the defendant, and also based on the representations of the U.S. Marshals who reported to the court that the defendant was refusing to allow himself to be brought into the courtroom for this hearing and that ordering the U.S. Marshals to bring him in despite his protests would create a safety risk for everyone, the Court found reasonable cause to believe that defendant Salisbury may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings or to meaningfully assist in his own defense to the extent that he should be evaluated to determine whether he is competent to proceed with a supervised release revocation hearing and assist in his own defense, the Court granted the motion in open court. This written order follows.

IT IS THEREFORE ORDERED under 18 U.S.C. 4247(b) that, unless impracticable, the United States Marshal's Service must transport defendant Salisbury forthwith to a Bureau of Prisons ("BOP") facility closest to the Court that has the capability to conduct psychiatric or psychological examinations to determine under 18 U.S.C. § 4241(a) whether the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his own defense;

IT IS FURTHER ORDERED that the defendant shall be committed to the appropriate BOP facility for a reasonable amount of time, not to exceed 30 days, for the purpose of conducting that psychiatric or psychological examination. The director of the facility may apply for a reasonable extension of time, not to exceed 15 days, upon a

showing of good cause that the additional time is necessary to observe and examine the defendant. 18 U.S.C. § 4247(b).

IT IS FURTHER ORDERED that the examination must be conducted by a licensed or certified psychiatrist or psychologist, who will prepare a psychiatric or psychological report, filed with the court and with copies to counsel for the defendant and the government. 18 U.S.C. §§ 4247(b) and (c). The report must include:

1. The defendant's history and present symptoms;
2. A description of the psychiatric, psychological, and medical tests that were employed and their results;
3. The examiner's findings;
4. The examiner's opinions as to diagnosis, prognosis, and whether defendant Salisbury is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

18 U.S.C. § 4247(c)(1)-(4)(A).

IT IS FURTHER ORDERED that the parties appear for a Status Conference on December 18, 2023 at 10:00 a.m.

DATED this 8th day of August, 2023.

_____
JENNIFER A. DORSEY
United States District Judge