UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| United States of America, | Case Nos.: 2:12-cr-00010-JAD-CWH |
| Plaintiff | |
| v. | **Order Denying Motions** |
| Kevin A. Salisbury, | [ECF Nos. 171, 172, 173, 174] |
| Defendant | |

Defendant Kevin A. Salisbury remains under a term of supervised release after his release from prison on federal convictions for a 2010 felon-in-possession charge and a 2013 assault-on-a-federal-officer charge.[1] His serious mental-health and behavioral challenges have greatly complicated these proceedings. Although Salisbury was originally sentenced to a three-year term of supervised release, a previous revocation judgment mostly restarted that clock.[2] Two competency evaluations have resulted in him being found competent to assist counsel in his defense.[3] And Salisbury's ceaselessly combative demeanor has caused him to churn through eight appointed lawyers.

At a hearing three weeks ago, Salisbury demanded yet another new lawyer. I conducted a sealed hearing to air his concerns and ultimately denied his motion because his claimed distrust of his current lawyer is unfounded and irrational, and his dislike of him is not a legitimate basis for discharge.[4] In a letter request dated nearly two weeks before that hearing but not received by

---

[1] 2:13-cr-62-JCM-PAL.

[2] ECF No. 147 (8/13/22 revocation judgment).

[3] ECF Nos. 53, 164 (orders granting evaluations).

[4] ECF No. 170 (minutes). When I denied the motion, Salisbury spat at his lawyer. This fresh conduct, along with Salisbury's history of assault on a federal officer, now requires that he be restrained so as to prevent future assaultive behavior.

the court until after it, Salisbury raises the same concerns on which I denied his request for new counsel.[5]  Because it appears that his letter request predates and duplicates the points that Salisbury presented at the December 18, 2023, hearing, and I did not—and I still do not—find those reasons to be valid bases to replace his attorney a ninth time, that letter motion for new counsel is denied.

Salisbury, who remains represented by counsel, has recently mailed in three additional pro se motions entitled "Motion to Dismiss,"[6] "Defense Motion of Discovery and Rule 11 Hearing,"[7] and "Motion for Competency Hearing."[8]  Salisbury cannot file motions on his own behalf at this time because he is represented by counsel.  As Local Rule 11-6(a) explains, "[a] party who has appeared by attorney cannot while so represented appear or act in the case.  This means that once an attorney makes an appearance on behalf of a party, that party may not personally file a document with the court; all filings must thereafter be made by the attorney."[9]  So these rogue, pro se motions will be stricken from the docket.

IT IS THEREFORE ORDERED that **Salisbury's motion for new counsel [ECF No. 171] is DENIED.**

IT IS FURTHER ORDERED that the Clerk of Court is directed to **STRIKE Salisbury's additional pro se motions [ECF Nos. 172, 173, 174] from the docket**.  Defense counsel is directed to provide a copy of this order to Salisbury.  If Salisbury believes that relief is

---

[5] ECF No. 171.
[6] ECF No. 172.
[7] ECF No. 173.
[8] ECF No. 174.
[9] This rule provides an independent, alternative reason to deny Salisbury's motion for new counsel, ECF No. 171.

warranted, he must ask his attorney to bring motions on his behalf.  However, Salisbury is reminded that attorneys are not scribes required to file documents and make all arguments directed by their clients.  As an officer of the court, counsel must determine in his independent, professional judgment whether any motion or argument that Salisbury proposes is appropriate to bring before the court.

_____
U.S. District Judge Jennifer A. Dorsey
January 8, 2024