UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff<br><br>v.<br><br>Kevin A. Salisbury,<br><br>    Defendant | Case Nos.: 2:12-cr-00010-JAD-CWH<br><br>**Order Denying Motions**<br><br>[ECF Nos. 204, 213, 214, 215, 218] |

Defendant Kevin A. Salisbury's supervised release was revoked in February of this year and he was sentenced to 24 months in custody with no supervision to follow.[1] Though he is represented by counsel,[2] Salisbury has filed a slew of pro se motions under his newest claimed name, "Kevin A. Stellar."[3] All of these motions are denied under Local Rule IA 11-6(a), which states that "a party who has appeared by attorney cannot while so represented appear or act in the case."[4] And because an appeal of the supervised-release revocation is pending,[5] this court has been divested of jurisdiction to entertain motions related to the merits of the supervised-release violations.[6] For these reasons, I deny Salisbury's "Motion for Sentence Reconsideration and Relief to Amend Sentence and Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2255,"[7] "Motion

---

[1] ECF No. 186.

[2] ECF No. 197.

[3] *See* ECF No. 205 (notice of name change).

[4] L.R. IA 11-6(a).

[5] ECF No. 188 (notice of appeal).

[6] *Nat. Res. Def. Council, Inc. v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001) ("Once a notice of appeal is filed, the district court is divested of jurisdiction over the matters being appealed.").

[7] ECF No. 204.  This motion is largely unintelligible.

to Request the Removal of the Defendants Motion to Amend Defendants Sentence to an Early Termination of Supervised Release,"[8] and "Motion and Grounds to Have Sentence Amended to an Early Termination of Supervised Release, Honorable Discharge."[9]

The motions that don't go to the merits of the issues on appeal must be denied for the additional reason that they are meritless or seek relief that is not available from this court. At ECF No. 213, Salisbury has filed a motion to suppress. In this one-page motion, Salisbury moves "to suppress the remaining telephone and oral communications." He doesn't identify what communications he's talking about, and with no active charges or allegations pending against him, this motion makes absolutely no sense. So it's denied.

Finally, in the "Motion to Correct Sentence" at ECF No. 214, Salisbury argues that, based on his arrest and case history, he should have a "projected release date" of June 13, 2024.[10] But as the government points out in its response, initial sentencing computations like this one must be made by the Bureau of Prisons, not the court.[11] Unless and until Salisbury can show that he has exhausted his remedies with the Bureau of Prisons and that this court is the proper venue for judicial review of an improper sentencing computation, his motion is fatally premature. It is denied.

---

[8] ECF No. 215.
[9] ECF No. 218.
[10] ECF No. 214 at 2.
[11] ECF No. 222 at 2 (citing *U.S. v. Wilson*, 503 U.S. 329, 334–35 (1992)).

IT IS THEREFORE ORDERED that Defendant Kevin Salisbury's pro se motions for various relief **[ECF Nos. 204, 213, 214, 215, 218] are DENIED.**

_____
U.S. District Judge Jennifer A. Dorsey
May 6, 2024