UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| United States of America, | Case Nos.: 2:12-cr-00010-JAD-CWH |
|---|---|
| Plaintiff | |
| v. | **Order Denying Motions and Striking Unauthorized Filings by Represented Criminal Defendant in Closed, Appealed Case** |
| Kevin A. Salisbury, | |
| Defendant | [ECF Nos. 236–250, 251–252] |

Defendant Kevin A. Salisbury's supervised release was revoked in February of this year, and he was sentenced to 24 months in custody with no supervision to follow.[1] He completed that sentence and is no longer in federal custody. But Salisbury's counseled appeal remains pending. Though he is represented by counsel in this now-closed case,[2] Salisbury has filed dozens of motions, notices, and letters under his newest claimed name, "Kevin A. Stellar."

The most recent of these motions are captioned as a "Motion to Dismiss" and a "Motion to Suppress."[3] These motions are denied under Local Rule IA 11-6(a), which states that "a party who has appeared by attorney cannot while so represented appear or act in the case."[4] Plus, because an appeal of the supervised-release revocation is pending,[5] this court has been divested of jurisdiction to entertain such motions.[6]

---

[1] ECF No. 186.

[2] ECF No. 197.

[3] ECF Nos. 237, 244.

[4] L.R. IA 11-6(a).

[5] ECF No. 188 (notice of appeal).

[6] *Nat. Res. Def. Council, Inc. v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001) ("Once a notice of appeal is filed, the district court is divested of jurisdiction over the matters being appealed."). The motions are rambling diatribes that are largely incomprehensible.

The defendant's various "notices" and letters are largely nonsensical, incomprehensible, or illegible, and they have no legal effect, so they will be struck. And the defendant is reminded that letters to the court are not appropriate and the court will take no action in response to a letter. *See* Local Rule IA 7-1 ("All communications with the court must be styled as a motion, stipulation, or notice, and must be filed in the court's docket and served on all other attorneys and pro se parties. The clerk may strike any case-related correspondence filed in the court's docket that is not styled as a motion, stipulation, or notice.").

Finally, the defendant has filed in this court what appear to be an "opening brief" and "reply brief" for his Ninth Circuit appeal, Case No. 24-761. In the event that he misdirected those documents and should have sent them instead to the Clerk of Court for the Ninth Circuit, I direct the clerk of court to forward them to the Ninth Circuit.

IT IS THEREFORE ORDERED that the motions to dismiss and suppress **[ECF Nos. 237, 244] are DENIED**.

IT IS FURTHER ORDERED that the Clerk of Court must **STRIKE the defendant's pro se notices and letters at ECF Nos. 236, 238–243, and 245–250.** The defendant is advised that this case is closed and he is represented by counsel, so any further notices, letters, and motions that he files on his own behalf will be struck without prior notice.

IT IS FURTHER ORDERED that the Clerk of Court is directed to **FORWARD to the Ninth Circuit Clerk ECF Nos. 251 and 252**, which appear to be documents intended for filing in appeal No. 24-761.

_____
U.S. District Judge Jennifer A. Dorsey
July 9, 2024